# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard E. Leventhal,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br><br>Barry Boline, et al.,<br><br>　　　　　　Defendants. | Case No. 17-cv-5122 (JNE/LIB)<br><br><br>**REPORT AND RECOMMENDATION** |

　　　　Plaintiff Howard Leventhal, a federal prisoner at the Federal Prison Camp in Duluth, Minnesota, commenced this action by filing a Complaint involving various custody and support disputes with his ex-wife. ([Docket No. 1]). The matter is before the Court on Leventhal's Application to Proceed *in forma pauperis* ("IFP), [Docket No. 2]. Upon review of the Complaint, the undersigned concludes that Leventhal has chosen the incorrect venue for his lawsuit. Accordingly, the undersigned recommends that this matter be transferred to the United States District Court for the Eastern District of Wisconsin.

　　　　Under 28 U.S.C. § 1391(b):

　　　　　　A civil action may be brought in —

　　　　　　(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

　　　　　　(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Leventhal has provided Wisconsin addresses for all the Defendants in the case; none of the named Defendants is located in Minnesota. (Compl., [Docket No. 1], 7-8). Accordingly, § 1391(b)(1) does not permit this action to be brought in Minnesota.

Further, Leventhal does not allege that the events at issue in this action took place in Minnesota. (See, [Docket No. 1]). Indeed, the District of Minnesota does not appear to have any connection whatsoever to the claims brought by Leventhal in his Complaint. Rather, the events appear to have primarily occurred in Wisconsin.[1] Thus, § 1391(b)(2) does not allow this action to be brought in Minnesota.

The most appropriate venue for this matter appears to be the Eastern District of Wisconsin, where all the Defendants are located, and where it appears that "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). The undersigned therefore recommends that this action be transferred to the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Finally, should this matter be transferred, the undersigned further recommends that Leventhal's pending Application to Proceed IFP, [Docket No. 2], also be transferred, so that it may be considered in the first instance by the Eastern District of Wisconsin.

---

[1] Although the complaint references events that occurred in courts in Illinois (ECF No. 1 at 12-13, 15), Leventhal's claims appear to arise out of his disagreement with Wisconsin court cases involving his ex-wife and their adopted daughter. The Court has therefore inferred from the facts alleged that the relevant events occurred in Wisconsin.

2

RECOMMENDATION:

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT this matter be **TRANSFERRED** to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1406(a).

Dated: December 11, 2017              s/Leo I. Brisbois_____
                                      LEO I. BRISBOIS
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).