# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

HOWARD E. LEVENTHAL,
    Plaintiff,

v.                                                                                             Case No. 18-C-181

BARRY BOLINE,
MARY LOU MUELLER,
PAUL MALLOY,
OZAUKEE COUNTY CHIEF EXECUTIVE,
OZAUKEE COUNTY BOARD MEMBERS,
OZAUKEE CORPORATION COUNSEL,
MARY HANDELAND,
CHRISTINE KLOTZ,
LORRAINE MARX,
JANE PROBST,
KRISTINA EBBOTT, and
ELIZABETH GROESCHEL,
    Defendants.

---

## DECISION AND ORDER

Plaintiff Howard E. Leventhal, a federal prisoner who is representing himself, filed a complaint alleging claims against his ex-wife and a judge of the Ozaukee County, Wisconsin, Circuit Court (among other defendants). This order resolves Leventhal's motion to proceed without prepayment of the filing fee and screens his complaint.

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act ("PLRA") applies to this case because Leventhal was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. On March 6, 2018,

Magistrate Judge David E. Jones ordered Leventhal to pay an initial partial filing fee of $19.18. Leventhal paid this amount, and therefore I will grant his motion to proceed without prepayment of the full filing fee. He must pay the remainder of the filing fee over time in the manner I explain at the end of this order.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

Leventhal alleges that, in 2002, he and his then-wife, defendant Mary Handeland, adopted a child from China. The parties divorced in 2008, while they were domiciled in Illinois. A state court in Lake County, Illinois, adjudicated the divorce and child-custody matters. That court entered an order governing the parties' rights to placement and visitation with their child. Years later, Leventhal was convicted of the federal crimes for which he is now in custody. He alleges that, both before and after he was imprisoned, Handeland interfered with his visitation rights under the Lake County order.

At some point, Handeland moved to Ozaukee County, Wisconsin, with her daughter. In 2017, she filed a motion asking the Ozaukee County Circuit Court to take jurisdiction of the custody case. Judge Paul Malloy of that court found that Ozaukee County had jurisdiction over the custody matter because the child had resided in the county for more than six months. Later, Leventhal filed a motion with the Ozaukee court

2

asking for various forms of relief.  On October 31, 2017, a court commissioner, Barry J. Boline, denied these motions.

On November 15, 2017, Leventhal commenced this action in the District of Minnesota.  On February 2, 2018, that court transferred venue to this court.  When the case arrived here, it was assigned to a magistrate judge.  After the magistrate judge determined that the case should be dismissed, the case was reassigned to me for entry of a dispositive order.

Leventhal asserts several claims against his ex-wife and Ozaukee court officials. (He also sues other defendants, including members of his ex-wife's family, his ex-wife's attorneys, and other Ozaukee County officials; however, his claims against these defendants are so feeble that they can be dismissed without further discussion.) Leventhal's first claim is against his ex-wife.  He alleges that she committed fraud during the process of adopting their daughter from China and therefore violated the Intercountry Adoption Act, 42 U.S.C. §§ 14901–14954.  The remedy he seeks is to have his ex-wife's status as the child's adoptive mother revoked.  (Compl. at p. 11, ¶ 7.) However, this is not a claim that exists under the Intercountry Adoption Act.  The Act states that it is not enforceable through private suits except as specifically provided elsewhere in the Act.  42 U.S.C. § 14954.  No specific provision of the Act gives an adoptive parent a cause of action against another adoptive parent for fraud.  Therefore, this claim must be dismissed.

Leventhal next asserts a series of claims based on the Ozaukee court's exercising jurisdiction over the custody case and denying his motions regarding visitation and other matters.  (Compl. at p. 12, ¶ 3 & pp. 20–21.)  Leventhal alleges that,

in exercising jurisdiction over the case, the Ozaukee court violated the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738B, which requires state courts to give full faith and credit to the child-custody decrees of other state courts. *See Thompson v. Thompson*, 484 U.S. 174, 183 (1988). However, the Parental Kidnapping Prevention Act cannot be enforced through a private cause of action. *Id.* Therefore, to the extent that Leventhal's claims are based on this Act, they must be dismissed.

Leventhal also asserts a claim against his ex-wife and Ozaukee court officials under the Due Process Clause of the Fourteenth Amendment. He asserts that his ex-wife's involving the Ozaukee court in the custody dispute, and that court's deciding to exercise jurisdiction over the dispute, had the effect of denying him his parental rights, which are protected by the Due Process Clause. More specifically, he alleges that the Ozaukee court's rulings in the case deprived him of visitation time with his daughter that he would have received under the Lake County placement order. (Compl. pp. 16–18, ¶¶ 14–17.) In related claims, Leventhal alleges that the Ozaukee court officials who entered the orders did so because they were biased against him because he is a man, in violation of the Equal Protection Clause, and also because they wanted to punish him for his federal crime, in violation of the Eighth Amendment. (Compl. at pp. 18–19, 19–20 & 22–23.) He seeks damages under 42 U.S.C. § 1983.

Here, I note that these claims raise questions under at least two jurisdictional doctrines. The first is the domestic-relations exception, under which a federal court will not exercise jurisdiction over child-custody disputes. *See Struck v. Cook County Public Guardian*, 508 F.3d 858, 859–60 (7th Cir. 2007); *Jones v. Brennan*, 465 F.3d 304, 306–08 (7th Cir. 2006). The second is the *Rooker-Feldman* doctrine, which prevents district

4

courts from exercising jurisdiction over cases that are essentially appeals from state court orders. *See Lennon v. City of Carmel, Ind.*, 865 F.3d 503, 506 (7th Cir. 2017). Although both of these doctrines might apply to this case, I will focus only on *Rooker-Feldman* because it is dispositive.

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). That's this case. Before he filed his federal complaint, Leventhal lost the dispute over the proper forum for the custody case. He now complains about injuries caused by the Ozaukee court's rulings, namely, the denial of visits with his daughter. He has gone so far as to sue the court officials who signed the orders he complains about. He argues that the Ozaukee court's rulings were either wrong or unconstitutional or void, and he seeks damages from the court officials. Because these claims fall within the *Rooker-Feldman* doctrine, they must be dismissed for lack of jurisdiction. *See Lennon*, 865 F.3d at 507 (*Rooker-Feldman* applies whenever the injuries for which a plaintiff seeks redress resulted from a state judgment, even if the state judgment was wrong or unconstitutional or void).

Even if I had jurisdiction over the § 1983 claims, I would have to dismiss them. The Ozaukee County judge and the court commissioner who entered the orders that Leventhal complains about clearly have absolute immunity from suits for damages. *See, e.g., Myrick v. Greenwood*, 856 F.3d 487, 488 (7th Cir. 2017). To the extent Leventhal's ex-wife is a defendant to the § 1983 claims, the claims would have to be

5

dismissed because she is a private party, not a person who acted under color of state law, as required for liability under § 1983. *See, e.g., West v. Atkins*, 487 U.S. 42, 48 (1988). Leventhal contends that he may bring a § 1983 claim against his ex-wife based on authority holding that a private party who conspires with the government to deprive a plaintiff of his rights is deemed to act under color of state law. *See, e.g., Cooney v. Rossiter*, 583 F.3d 967, 940 (7th Cir. 2009). But Leventhal has not come close to alleging that his ex-wife conspired with Ozaukee court officials. True, he uses the word "conspiracy," but that's not enough. *Id.* at 940–41. He must plead facts suggesting that his ex-wife and the court entered into an agreement to deprive him of his rights. No such facts appear in the complaint. Instead, Leventhal alleges only that his ex-wife initiated a case in the Ozaukee court, and that the court decided certain matters in his ex-wife's favor. Because these allegations in no way suggest a conspiracy between Leventhal's ex-wife and court officials, Leventhal cannot proceed against his ex-wife under § 1983.

Leventhal also alleges a claim entitled "child prison visitation right denial." (Compl. at p. 19.) In this claim, Leventhal contends that the Constitution grants him a right to visit with his child while in prison. Leventhal cites *King v. Federal Bureau of Prisons*, 415 F.3d 634 (7th Cir. 2005), which was a case involving a constitutional challenge to prison regulations. Leventhal seems to think that his ex-wife's refusing to bring the child to the prison for visits is itself actionable under cases such as *King*. But of course it is not. If the prison were refusing to allow Leventhal's ex-wife to bring the child to the prison to see him, then Leventhal might have a claim against prison officials. But cases such as *King* do not suggest that Leventhal's ex-wife violated the Constitution

6

by refusing to bring their child to the prison for visits in the first place. Again, Handeland is a private party, not a state actor, and therefore cannot violate Leventhal's constitutional rights. Accordingly, this claim will be dismissed.

The discussion above shows that Leventhal's claims are frivolous, that is, that they lack an arguable basis in law or fact. *See Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016). And this is not the first time that Leventhal has filed a frivolous federal complaint arising out of the child-custody dispute with his ex-wife. He filed a prior suit in the Eastern District of New York alleging some of the same claims against his ex-wife that he alleges here, including claims under the Intercountry Adoption Act and the Parental Kidnapping Prevention Act. *See Leventhal v. Paes et al.*, E.D.N.Y. Case No. 17-cv-2496. The Eastern District of New York dismissed that suit as frivolous, finding that the suit was "a transparent attempt to harass a wide variety of people . . . including his ex-wife." Order of May 10, 2017, at 4. It appears to me that the present suit is an attempt by Leventhal to continue his campaign of harassment. For these reasons, I will dismiss this suit with prejudice as frivolous, under 28 U.S.C. § 1915(e)(2)(B)(i). The dismissal will be with prejudice even though I dismissed some of the claims for lack of subject-matter jurisdiction, which normally results in a dismissal without prejudice. This is so because, when a suit is frivolous and intended to harass, the court may dismiss it with prejudice to prevent the plaintiff from burdening another court with the same frivolous suit. *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1078 (7th Cir. 2013). Finally, I have considered granting Leventhal leave to amend his complaint but will not do so because it is clear that he does not have any non-frivolous

claims that could be asserted in federal court, and that granting leave to amend would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

*Conclusion*

**THEREFORE**, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that the complaint and this action are **DISMISSED** with prejudice as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Leventhal has incurred a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from his institution trust account the $330.82 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party

timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 2nd day of May, 2018.

    s/Lynn Adelman  
LYNN ADELMAN  
United States District Judge